Julius Lee COLE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 8, 1985.

Discretionary Review Denied and Case Ordered Published by Supreme Court April 4, 1985.

Patterson DeCamp, Appellate Public Advocate, Lexington, for appellant.

David L. Armstrong, Atty. Gen., W. Bruce Cowden, Jr. Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, MILLER and WHITE, JJ.

COMBS, Judge.

This is an appeal from the McCracken Circuit Court. Appellant was charged with the murder of Lucius George Phill. The jury found him guilty of reckless homicide and recommended a three-year sentence.

Appellant contends that the trial court erred as a matter of law in not sustaining his motion for a mistrial. We agree and reverse.

The tragedy giving rise to this case occurred on March 30, 1983, in a combination bar and poolroom in Paducah, Kentucky. On this occasion, the decedent and the appellant had been shooting pool. During a game, decedent accousted appellant's young nephew. When appellant interceded on behalf of his nephew, decedent struck appellant. This resulted in a minor altercation from which appellant immediately withdrew, putting on his jacket and starting to leave the establishment. The decedent, being a larger man and armed with a cue stick, obstructed his exit. Then the fatal altercation ensued, during which both men fell to the floor and continued the scuffle. During the scuffle appellant removed a pistol from his pocket and according to one of the witnesses, who tried to separate the men, both the victim and the appellant had their hands on or near the pistol. Three shots were fired during the scuffle, and one bullet struck decedent causing his death.

Quite sometime before this incident, appellant had been involved in two shooting incidents, both of which resulted in appellant being found guilty of two misdemeanors.

Prior to the trial, appellant's counsel filed a motion in limine, seeking,

> ... an Order instructing the Commonwealth's Attorney, his representatives, and witnesses to refrain from making any direct or indirect mention whatsoever at trial before the jury of the matters hereinafter set forth, without first obtaining permission from the Court and until such time as the Court in a hearing out of the presence of the jury has determined the admissibility of the following matters:
> 1. Defendant's prior criminal record;
> 2. The witnesses' opinion as to whether or not defendant acted in self defense; and
> 3. Defendant's alleged habit of carrying a weapon.

Notwithstanding the pending motion and without obtaining the court's permission, the Assistant Commonwealth's Attorney asked appellant, "You're mighty quick to pull a gun out of your pocket, aren't you, Sir?" Immediate objection was interposed, but was overruled. Later, and without receiving prior approval of the court, the Commonwealth asked, "How often do you carry a gun?" Again, he was asked, "People knew you carried that gun, didn't they?" Later he was asked, "Have you ever shot a man before?" As in prior questions, another bench conference was held. At that time, the Commonwealth admitted that his "whole point is that the man is trigger-happy. He is quick to come out of his pocket with a gun."

As to shooting other men, the court asked the Commonwealth Attorney, "Did you know you were going to ask this before?" The attorney answered, "Yes." The court asked him, "Why didn't you say something about it before so we could look up some law?" He answered, "I don't have any law."

In view of the prior motion in limine and the persistent questions by the Commonwealth Attorney, we are convinced that appellant was denied his right to a fair trial. In the case of *McDaniel v. Commonwealth*, 277 Ky. 824, 827; 127 S.W.2d 866 (1939), the court said:

> It appears to us the commonwealth attorney made a deliberate and persistent attempt to bring to the attention of the jury evidence he knew was incompetent, and which was highly prejudicial to appellant's right to a fair and impartial trial. A commonwealth attorney should not forget he is an officer of the court and should never attempt to deliberately bring before the jury evidence he knows

is incompetent, or to get before the jury by an indirect method evidence which the court has excluded.

During one of the many bench conferences, appellant requested the court to declare a mistrial. The court declined to do so.

■ Though the verdict of the jury is presumptively correct, this presumption can be overturned. It is apparent to us that in view of the size of the men involved and the aggressive conduct of decedent, the jury could very well have returned a not-guilty verdict based upon appellant's claim of self-defense. The Commonwealth Attorney's repeated injection of irrelevant and inflammatory material before the jury could have deprived the appellant of the reasonable fair trial to which he was entitled.

The judgment of the McCracken Circuit Court is reversed and remanded for a new trial.

All concur.